1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TERRY LEWIS,

11          Plaintiff,                    No. CIV S-09-3059 CKD P

12      vs.

13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS, et al.,
14

15          Defendant.                    ORDER

16   _____/

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

18   filed pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to all proceedings in this matter being

19   held before a United States Magistrate Judge.  See 28 U.S.C. § 636(c).  By order filed December

20   20, 2010, plaintiff's amended complaint was dismissed with leave to file a second amended

21   complaint.  Plaintiff filed his second amended complaint on May 9, 2011.

22          The court is required to screen complaints brought by prisoners seeking relief

23   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

25   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

26   /////

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

2  U.S.C. § 1915A(b)(1),(2).

3      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9  Cir. 1989); Franklin, 745 F.2d at 1227.

10      In order to avoid dismissal for failure to state a claim a complaint must contain

11  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

12  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

13  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

14  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

15  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

16  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

17  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

18  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

19  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

20  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

21  Rhodes, 416 U.S. 232, 236 (1974).

22      The court finds the allegations in plaintiff's second amended complaint so vague

23  and conclusory that it fails to state a claim upon which relief can be granted.  Although the

24  Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair

25  notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev.

26  Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

1  particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's

2  second amended complaint must be dismissed.  The court will, however, grant leave to file a

3  third amended complaint.  If plaintiff cannot state a claim upon which relief can be granted in

4  this third amended complaint, this action will be dismissed.

5          The allegations in plaintiff's complaint come closest to stating claims under the

6  Eighth Amendment for excessive force and exposure to a substantial risk of serious harm.  The

7  Ninth Circuit has relied on the following factors in determining whether an officer's application

8  of force was undertaken in a good faith or maliciously and sadistically to cause harm: 1) the

9  extent of the injury suffered by an inmate; 2) the need for application of force; 3) the relationship

10 between that need and the amount of force used; 4) the threat reasonably perceived by the

11 responsible officials; and 5) any efforts made to temper the severity of a forceful response.

12 Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).  In order for there to be an actionable

13 claim for excessive force, a review of all of the facts relevant to these factors considered in the

14 light most favorable to plaintiff must lead to the conclusion that plaintiff was subjected to the

15 wanton and unnecessary infliction of pain.  Whitley v. Albers, 475 U.S. 312, 319 (1986).

16          As for exposure to a substantial risk of serious harm, the Eighth Amendment's

17 prohibition of cruel and unusual punishment imposes on prison officials, among other things, a

18 duty to "take reasonable measures to guarantee the safety of the inmates."  Farmer v. Brennan,

19 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  A plaintiff

20 states a claim under the Eighth Amendment if he points to facts indicating a prison official

21 exposed the inmate to a "substantial risk of serious harm," while displaying "deliberate

22 indifference" to that risk.  Id. at 834.  An official is deliberately indifferent if he or she "knows of

23 and disregards an excessive risk to inmate health or safety; the official must both be aware of

24 facts from which the inference could be drawn that a substantial risk of serious harm exists, and

25 he must also draw the inference.  Id. at 837.

26 /////

As indicated above, plaintiff must allege enough facts with respect to any potential Eighth Amendment claim which demonstrate the claim has "facial plausibility."  Some examples of the allegations in plaintiff's second amended complaint are as follows: 1) correctional officers amuse themselves by watching plaintiff get attacked by other inmates; 2) one defendant threw "defecate and urine" under the bed while he was in the shower; 3) the same defendant contaminated his food with Hepatitis A; and 4) another defendant spit chewing tobacco in his food.  Plaintiff must support these assertions with facts if they are to have "facial plausibility."  For example, if he personally witnessed behavior, he must so state.  If he did not witness certain behavior, he must otherwise indicate how it is that he believes that it did occur.

As plaintiff has been informed before, his next complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is again informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the previous pleadings no longer serve any function in the case.  Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

/////

/////

4

1        In accordance with the above, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's second amended complaint is dismissed; and

3        2.  Plaintiff is granted thirty days from the date of service of this order to file a

4 third amended complaint that complies with the requirements of the Civil Rights Act, the Federal

5 Rules of Civil Procedure, this order, and the Local Rules of Practice; the third amended

6 complaint must bear the docket number assigned this case and must be labeled "Third Amended

7 Complaint"; failure to file a third amended complaint in accordance with this order will result in

8 dismissal of this action.

9  Dated: December 5, 2011

10

11                  CAROLYN K. DELANEY
                 UNITED STATES MAGISTRATE JUDGE

12

13

14 1
  lewi3059.14(3)

15

16

17

18

19

20

21

22

23

24

25

26