IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY LEWIS,

        Plaintiff,                    No. 2:09-cv-3059 CKD P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.             ORDER

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed December 5, 2011, plaintiff's second amended complaint was dismissed with leave to file a third amended complaint. Plaintiff has now filed a third amended complaint. Plaintiff has consented to have a magistrate judge conduct all proceedings in this case. See 28 U.S.C. § 636(c).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    In order to avoid dismissal for failure to state a claim a complaint must contain
9 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
10 of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other
11 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
13 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
14 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
15 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
16 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
17 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
18 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
19 Rhodes, 416 U.S. 232, 236 (1974).

20    In his third amended complaint, plaintiff complains mostly about verbal
21 harassment from correctional officers.  However, verbal harassment is not a sufficient basis for a
22 § 1983 claim.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  Plaintiff asserts his
23 food has been tampered with, but he does not indicate by whom.  Plaintiff complains about
24 medical care he has received, but he does not allege that any person was deliberately indifferent
25 to a serious medical need which plaintiff must do to state a claim under the Eighth Amendment.
26 Estelle v. Gamble, 429 U.S. 97, 104-06 (1976).  Finally, plaintiff complains about not being

provided access to an exercise yard for six months. Again, plaintiff fails to indicate who denied him access or why he was denied access.

Because plaintiff's third amended complaint fails to state a claim upon which relief can be granted, it will be dismissed. Also, the court will not grant leave to amend a fourth time as it has been shown that granting leave to amend is futile.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's third amended complaint is dismissed for failure to state a claim upon which relief can be granted; and

2. This case is closed.

Dated: July 30, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
lewi3059.dis